UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WILLIAM HIRSCHFELD,

                Plaintiff,

      - against -

THE CITY OF NEW YORK, GREGORY SMITH,
PEDRO J. LOPEZ, and RICHARD A VETRANO,
Individually and in Their Official Capacities,

                Defendants
-----------------------------------------------------------------x

12CV8868(MGC)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

      Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff William Hirschfeld by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the Constitution and the laws of the State of New York.

      2. Plaintiff William Hirschfeld is a citizen of the United States who was operating a motor vehicle on E. 147th Street, in the Bronx, New York on February 20, 2012, when he was stopped by defendants Gregory Smith and Pedro J. Lopez, who subjected the plaintiff to a pat-down search, searched his vehicle, arrested him on false criminal charges at the direction of defendant Richard A. Vetrano, handcuffed him, transported him to the 40th Precinct, subjected him to a strip search, and imprisoned him until he was transported to Bronx Central Booking, where he continued to be imprisoned until February 21, 2012, when he was arraigned on false criminal charges of Criminal Sale of Marijuana in the Fourth Degree, Criminal Possession of Marijuana in the Fifth

Degree, and Unlawful Possession of Marijuana, and released on his own recognizance. On May 22, 2012, the charges against the plaintiff were dismissed.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff William Hirschfeld's constitutional and civil rights, and in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Gregory Smith, Pedro J. Lopez, and Richard A. Vetrano can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff William Hirschfeld is a citizen of the Untied States who, at all times relevant herein, resided in the County of Bronx, City and State of New York.

7. On February 20, 2012, plaintiff William Hirschfeld was licensed by the State of New York as a security guard.

8. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

9. At all times relevant herein, defendant The City of New York maintained a police department.

10. Defendant Gregory Smith is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein, defendant Gregory Smith was acting within the scope of his employment by defendant The City of New York.

12. Defendant Pedro J. Lopez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13. At all times relevant herein, defendant Pedro J. Lopez was acting within the scope of his employment by defendant The City of New York.

14. Defendant Richard A. Vetrano is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15. At all times relevant herein, defendant Richard A. Vetrano was acting within the scope of his employment by defendant The City of New York.

16. Upon information and belief, at all times relevant herein, defendant Richard A Vetrano was the supervisor of defendants Gregory Smith and Pedro J. Lopez.

## NOTICE OF CLAIM

17. On August 9, 2012, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff William Hirschfeld served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

18. Plaintiff William Hirschfeld's motion to extend his time to file a Notice of Claim for his claims for assault and battery and false imprisonment was granted by an order of New York Supreme Court Justice Larry S. Schachner dated October 4, 2012, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

19. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

20. Plaintiff incorporates by reference paragraphs 1 through 19 of this complaint as though the same were set forth fully herein.

21. On February 20, 2012, plaintiff William Hirschfeld was operating a motor vehicle on East 147th Street, in the County of the Bronx, City and State of New York.

22. On February 20, 2012, plaintiff William Hirschfeld brought the vehicle which he was operating to a stop at the curb on East 147th Street, between Brook Avenue and Willis Avenue, in the County of the Bronx, City and State of New York

23. At the above time and place, an unmarked police vehicle stopped in front of the vehicle plaintiff William Hirschfeld was operating.

24. Defendants Gregory Smith and Pedro J. Lopez then approached the vehicle which plaintiff William Hirschfeld had been operating and directed the plaintiff and a passenger in the vehicle to exit the vehicle and to walk to the rear of the vehicle.

25. One of the individual defendants conducted a pat-down search of plaintiff William Hirschfeld and then searched through the plaintiff's pockets.

26. The individual defendant who conducted this search of plaintiff William Hirschfeld did not find any marijuana or controlled substance on plaintiff William Hirschfeld's person.

27. Upon information and belief, one of the individual defendants found a small quantity of marijuana on the person of the passenger who had been in the vehicle.

28. The individual defendants then searched the plaintiff's vehicle.

29. Defendants Gregory Smith, Pedro J. Lopez and Richard A Vetrano did not have a warrant or other legal process authorizing the search of the plaintiff's vehicle.

30. The defendants did not find any marijuana or controlled substance in the vehicle.

31. Upon information and belief, defendant Richard A. Vetrano directed defendants Gregory Smith and Pedro J. Lopez to arrest plaintiff William Hirschfeld.

32. One of the individual defendants handcuffed plaintiff William Hirschfeld.

33. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano arrested plaintiff William Hirschfeld on false criminal charges of Criminal Sale of Marijuana in the Fourth Degree, Criminal Possession of Marijuana in the Fifth Degree, and Unlawful Possession of Marijuana.

34. Plaintiff William Hirschfeld was not in possession of any marijuana.

35. Plaintiff William Hirschfeld had not sold any marijuana.

36. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano lacked a warrant authorizing the arrest of plaintiff William Hirschfeld.

37. Plaintiff William Hirschfeld was thereafter transported to the 40th Precinct, located at 257 Alexander Avenue, Bronx, New York, where he was imprisoned.

38. At the 40th Precinct, one of the individual defendants conducted plaintiff William Hirschfeld to a bathroom, told the plaintiff to pull down his pants and undershorts, and directed him to hold his genitals and to cough.

39. Plaintiff William Hirschfeld subsequently was transported to Bronx Central Booking, where he continued to be imprisoned.

40. On information and belief, on February 21, 2012, defendant Gregory Smith falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that the individual who had been a passenger in plaintiff William Hirschfeld's vehicle had handed the plaintiff a sum of money and that plaintiff William Hirschfeld had handed that individual plastic bags containing marijuana.

41. On February 21, 2012, defendant Gregory Smith instituted a criminal proceeding against plaintiff William Hirschfeld in Bronx Supreme Court, Criminal Division, under Docket No. 2012BX011061, accusing the plaintiff of the crimes of Criminal Sale of Marijuana in the Fourth Degree and Criminal Possession of Marijuana in the Fifth Degree, and the violation of Unlawful Possession of Marijuana.

42. On February 21, 2012, plaintiff William Hirschfeld was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

43. On May 22, 2012, the criminal charges brought by defendant Gregory Smith against plaintiff William Hirschfeld were dismissed.

44. As a result of the arrest and prosecution of plaintiff William Hirschfeld by defendants Gregory Smith, Pedro J. Lopez, and Richard A. Vetrano, the plaintiff's license as a security guard was suspended.

45. As a result of the suspension of plaintiff William Hirschfeld's New York State license as a security guard, the plaintiff was unable to obtain employment as a security guard.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though the same were set forth fully herein.

47. The seizure, arrest, and imprisonment of plaintiff William Hirschfeld on February 20, 2012, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

48. The charges upon which defendants Gregory Smith, Pedro J. Lopez, and Richard A. Vetrano arrested plaintiff William Hirschfeld were false.

49. The charges were made by defendants Gregory Smith, Pedro J. Lopez, and Richard A. Vetrano against plaintiff William Hirschfeld with knowledge that they were false.

50. Plaintiff William Hirschfeld was aware of his seizure, arrest, and imprisonment by defendants Gregory Smith, Pedro J. Lopez, and Richard A. Vetrano.

51. Plaintiff William Hirschfeld did not consent to his seizure, arrest or imprisonment.

52. As a result of the foregoing, plaintiff William Hirschfeld was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

53. The seizure, arrest and imprisonment of plaintiff William Hirschfeld on February 20, 2012, deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

54. Defendants Gregory Smith, Pedro J. Lopez, and Richard A. Vetrano were acting under color of state law when they seized, arrested and imprisoned plaintiff William Hirschfeld on February 20, 2012.

55. Defendants Gregory Smith, Pedro J. Lopez, and Richard A. Vetrano deprived plaintiff William Hirschfeld of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff William Hirschfeld on false criminal charges.

## COUNT TWO
## SEARCH OF THE PLAINTIFF'S VEHICLE UNDER 42 U.S.C. §1983

56. Plaintiffs incorporate by reference paragraphs 1 through 55 of this complaint as though the same were set forth fully herein.

57. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano conducted the search of the plaintiff's vehicle after both occupants of the vehicle had been removed from the vehicle.

58. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano did not have a warrant authorizing the search of the plaintiff's vehicle.

59. There were no exigent circumstances justifying a search of the vehicle following the removal of both occupants of the vehicle.

60. The warrantless search of the plaintiff's vehicle violated his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States.

61. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano were acting under color of state law when they searched the plaintiff's vehicle.

62. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano deprived the plaintiff of his rights to be free of unreasonable searches and seizures guaranteed by the Fourth and

Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching the plaintiff's vehicle.

## COUNT THREE
## STRIP SEARCH UNDER 42 U.S.C. §1983

63. Plaintiffs incorporate by reference paragraphs 1 through 62 of this complaint as though the same were set forth fully herein.

64. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano lacked a factual basis to support a reasonable suspicion that plaintiff William Hirschfeld had evidence concealed on his body.

65. The strip search of plaintiff William Hirschfeld conducted at the 40th Precinct deprived plaintiff William Hirschfeld of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

66. Plaintiff William Hirschfeld suffered anxiety, embarrassment and humiliation as a result of the strip search conducted by the individual defendants.

67. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano were acting under color of state law when they subjected plaintiff William Hirschfeld to a strip search at the 40th Precinct.

68. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano deprived plaintiff William Hirschfeld of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff William Hirschfeld to a strip search of at the 40th Precinct.

## COUNT FOUR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

69. Plaintiff incorporates by reference paragraphs 1 through 68 of this Complaint as though the same were set forth fully herein.

70. The criminal charges brought by defendant Gregory Smith against plaintiff William Hirschfeld in Bronx Supreme Court, Criminal Division, were false.

71. Defendant Gregory Smith instituted the criminal proceeding against plaintiff William Hirschfeld with knowledge that the charges were false.

72. Defendant Gregory Smith instituted the criminal proceeding against plaintiff William Hirschfeld without probable cause to believe that plaintiff William Hirschfeld had committed the crimes charged

73. Defendant Gregory Smith was acting with malice when he commenced the criminal proceeding against plaintiff William Hirschfeld.

74. The criminal proceeding instituted by defendant Gregory Smith against plaintiff William Hirschfeld was terminated in plaintiff William Hirschfeld's favor.

75. As a result of the institution of a criminal proceeding by defendant Gregory Smith against plaintiff William Hirschfeld, the plaintiff was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

76. As a result of the institution of a criminal proceeding by defendant Gregory Smith against plaintiff William Hirschfeld, the plaintiff's license as a security guard was suspended and the plaintiff was unable to find employment in his vocation.

77. Defendant Gregory Smith was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that

another person had handed plaintiff William Hirschfeld a sum of money and that plaintiff William Hirschfeld had handed that individual plastic bags containing marijuana.

78. Defendant Gregory Smith was acting under color of state law when he commenced a criminal proceeding against plaintiff William Hirschfeld in Bronx Supreme Court, Criminal Division.

79. Defendant Gregory Smith deprived plaintiff William Hirschfeld of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff William Hirschfeld on false criminal charges.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

80. Plaintiff incorporates by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

82. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

83. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

84. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

85. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

86. The arrest and imprisonment of plaintiff William Hirschfeld on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor

and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

87. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

88. Defendant The City of New York deprived plaintiff William Hirschfeld of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

89. Plaintiff incorporates by reference paragraphs 1 through 88 of this Complaint as though the same were set forth fully herein.

90. Defendant The City of New York has implemented, adopted, encouraged and/or sanctioned a policy, practice and/or custom of routinely performing strip searches of individuals arrested for minor offenses in the precinct of arrest in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

91. The strip search of plaintiff William Hirschfeld at the 40th Precinct resulted from the policy, practice and/or custom of routinely performing strip searches of individuals arrested for

minor offenses implemented, adopted, encouraged and/or sanctioned by defendant The City of New York.

92. Defendant The City of New York was acting under color of state law when it implemented, adopted, encouraged and/or sanctioned a policy, custom or practice for police officers to routinely perform strip searches of individuals arrested for minor offenses in the precinct of arrest.

93. Defendant The City of New York deprived plaintiff William Hirschfeld of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by implementing, adopting, encouraging and/or sanctioning a policy, practice or custom of routinely performing strip searches of individuals arrested for minor offenses in the precinct of arrest.

## COUNT SEVEN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

94. Plaintiff incorporates by reference paragraphs 1 through 93 of this Complaint as though the same were set forth fully herein.

95. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Gregory Smith, Pedro J. Lopez, and Richard A. Vetrano are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

96. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

97. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

98. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

99. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff William Hirschfeld would be violated.

100. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff William Hirschfeld.

101. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

102. Defendant The City of New York deprived plaintiff William Hirschfeld of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the

civil rights of members of the public, which resulted in the arrest and prosecution of plaintiff William Hirschfeld on false criminal charges on February 20, 2012.

## COUNT EIGHT
## COMMON LAW ASSAULT AND BATTERY

103. Plaintiff incorporates by reference paragraphs 1 through 102 of this Complaint as though the same were set forth fully herein.

104. Defendants Gregory Smith, Pedro J. Lopez, Richard A. Vetrano and the City of New York committed an assault and battery on the person of plaintiff William Hirschfeld on February 20, 2012 by handcuffing him.

105. As a result of the foregoing, plaintiff William Hirschfeld experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT NINE
## COMMON LAW FALSE IMPRISONMENT

106. Plaintiff incorporates by reference paragraphs 1 through 105 of this Complaint as though the same were set forth fully herein.

107. Defendants Gregory Smith, Pedro J. Lopez, Richard A. Vetrano and The City of New York falsely imprisoned plaintiff William Hirschfeld on February 20, 2012 by seizing, arresting and imprisoning him on false criminal charges.

108. As a result of the foregoing, plaintiff William Hirschfeld was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TEN
## STRIP SEARCH UNDER NEW YORK STATE CONSTITUTION AND STATUTES

109. Plaintiff incorporates by reference paragraphs 1 through 108 of this Complaint as though the same were set forth fully herein.

110. Defendants Gregory Smith, Pedro J. Lopez and Richard A. Vetrano lacked a factual basis supporting a reasonable suspicion that plaintiff William Hirschfeld was concealing evidence underneath his clothing.

111. Plaintiff William Hirschfeld suffered anxiety, embarrassment and humiliation as a result of the strip search conducted by the defendants.

112. Defendants Gregory Smith, Pedro J. Lopez, Richard A. Vetrano and The City of New York deprived plaintiff William Hirschfeld of his right to be secure in his person against unreasonable searches and seizures guaranteed by Article I, Section 12 of the Constitution of the State of New York and Section 8 of the Civil Rights Law of the State of New York by subjecting the plaintiff to a strip search.

## COUNT ELEVEN
## COMMON LAW MALICIOUS PROSECUTION

113. Plaintiff incorporates by reference paragraphs 1 through 112 of this Complaint as though the same were set forth fully herein.

114. Defendants Gregory Smith and The City of New York maliciously prosecuted plaintiff William Hirschfeld by instituting a criminal proceeding against plaintiff William Hirschfeld in Bronx Supreme Court, Criminal Division, on false criminal charges.

115. As a result of the criminal proceeding instituted by defendants Gregory Smith and The City of New York, plaintiff William Hirschfeld was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

116. As a result of the institution of a criminal proceeding by defendant Gregory Smith against plaintiff William Hirschfeld, the plaintiff's license as a security guard was suspended and the plaintiff was unable to find employment in his vocation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff William Hirschfeld compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff William Hirschfeld punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       December 4, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
STEVEN MICHELSTEIN (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880